BROWN ET AL. *v* HIATT.

[No. 2,021.    Filed November 24, 1896.]

APPEAL.—*Weight of Evidence.*—The finding of the trial court will not be disturbed on appeal if there is any reasonable evidence to sustain it. *pp. 341, 342.*

HIGHWAY.—*Abandonment.*—The fact that part of a highway, as originally laid out, is not graded, graveled, and used as a passageway, does not constitute an abandonment thereof. *p. 344.*

Brown *et al. v.* Hiatt.

SAME.—*Obstruction Fences.— Abandonment.*—The obstruction with fences, of a public highway for a time by adjoining landowners does not constitute an abandonment of the highway. *p. 344.*

PRACTICE.—*Admission of Evidence.*—It is not error to exclude evidence offered on sur-rebuttal, which evidence was properly admissible in chief to sustain the defense. *p. 344.*

From the Tipton Circuit Court. *Affirmed.*

*Thos. J. Kane* and *Ralph K. Kane,* for appellants.

*John F. Neal,* for appellee.

Ross, J.—The appellee, Eliphalet C. Hiatt, brought this action against the appellant, Horace G. Brown, to declare and foreclose the liens of two assessments made for street improvements. The appellant, William H. Ramsey, the assignor of such assessment liens, was made a party to answer as to his interest. The appellee recovered in the court below, and the appellant, Horace G. Brown, has appealed to this court and has notified his co-appellant, William H. Ramsey, to join therein, but the latter has not joined in the appeal.

The court below made a special finding of facts, with conclusions of law thereon.

. Two specifications of error have been assigned in this court, namely: First, that the court erred in its conclusions of law upon the facts found, and second, that the court erred in overruling the appellant's motion for a new trial.

It is urged that some of the facts found by the court and embraced in the special findings are erroneous, in that the evidence preponderates against such findings. Counsel do not intimate that there is no evidence to sustain the court's finding, but they say: "We are confident that the decided preponderance of the testimony shows" the facts to be different from what the court has found them to be. If counsel's statement is true "that the decided preponderance of the testi-

mony" tends to show a state of facts different from
what the court has found, nevertheless, under the rule
that prevails in appellate courts, we cannot disturb
the finding if there is any reasonable evidence to sus-
tain it. Counsel admit that there is evidence, which,
standing alone, would warrant the finding, but simply
insist that the preponderance of the evidence is to the
contrary. The rule so firmly established in this juris-
diction, that the Appellate Court will not weigh the
evidence and determine upon which side it preponder-
ates, was adopted and has been adhered to upon the
theory that the trial court, ever on the alert to pro-
tect the rights of all parties, and having noted the evi-
dence as it was given on the trial, has concluded not
only that the verdict or finding is supported by a pre-
ponderance of the reputable evidence, but that the
verdict or finding is on the side of the real justice and
equity of the case. The rule originated upon the
theory alone that the trial court had done its duty in
this respect, and on account of the advantages which
it had over the appellate tribunal, to know the truth
and the weight to be given to the testimony, it has
been adhered to. True, cases sometimes come before
this court wherein it seems the trial court has been un-
mindful of its duty and has sustained a verdict simply
upon the theory that a jury having decided upon the
weight of the evidence, that decision should not be
disturbed, even though to the mind of the court the
evidence preponderates the other way. When the trial
court so rules it is unmindful of its duty and makes
itself but a figure head in the trial of cases. While
it is no doubt the duty and province of a jury to decide
between conflicting testimony and determine the ex-
istence or nonexistence of a fact from a preponderance
of the evidence, yet it is also the duty of the court,
when asked, to review the evidence and determine

whether or not the jury have properly decided from a preponderance of the evidence. In this case the court below tried the case without the intervention of a jury; and in considering the evidence and making the finding we must assume that it gave the evidence the same careful scrutiny and consideration it would have bestowed had it been reviewing it after verdict. The trial court has decided that the worthy evidence establishes the facts as found, and inasmuch as the evidence is conflicting, that finding is binding upon this court.

The facts found by the court, about some of which there is a controversy, and which presents the questions urged on this appeal, are, that the street ordered improved was for many years prior to 1871 a public highway in Hamilton county, and in that year said highway and the adjoining lands were regularly annexed to and made a part of the city of Noblesville; that said highway was sixty-six feet wide, and was named and known as Anderson street; that in its improvement no part of appellant's land was taken or appropriated, and that no proceedings were ever instituted to appropriate appellant's land, nor were any damages paid, assessed or tendered him; that appellant's father, who was the owner of said property at the time the improvement was made, knew it was being done, but made no objection except that he sent by mail to the contractor doing the work a written notice notifying him that said city had no right to make the improvement, and that he would not pay any assessment. This notice was not received by said contractor until after he had commenced the work and had a large portion of the street graded. The findings as to the compliance with the law in making the improvement seems to be regular and complete.

We cannot concur in the view of appellant either

that a part of the highway in question was abandoned because not graveled and used as a passageway, or for the further reason that the adjoining landowners for a time, at least, obstructed it with their fences. Nor was it abandoned because the board of county commissioners granted to a toll-road company the right to use and occupy it for a toll-road and they only used part of it, to-wit, forty feet thereof, allowing the balance to grow up in grass, etc. There are few, if any highways in the State of Indiana that are actually used to their extreme width, and yet the fact that they are not graded, graveled and used to the extreme width does not indicate an abandonment of the part not actually used. Counsel say that this nonuser showed an abandonment and vacation. We think it insufficient to show an abandonment, especially in view of the fact that the public is now insisting that it never was abandoned. It never was vacated, because the court did not find that it was vacated, and our attention has not been called to any evidence showing that it was ever vacated by legal proceedings.

It is also insisted that the court erred in rejecting certain evidence offered by the appellant on sur-re-buttal. This contention is without merit, first, because no ruling is shown by the court upon which to base the contention, and second, this evidence, if admissible, should have been given in chief to sustain the defense pleaded in appellant's answer.

This disposes of all the questions urged for our consideration, and we find no error warranting a reversal of the judgment of the court below.

Judgment affirmed at the cost of the appellant, Horace G. Brown.

DAVIS, J., not participating.